IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID L. CARTER, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-03-990 |
| § | | |
| MICHAEL J. ASTRUE, Commissioner § | | |
| of the Social Security Administration, § | | |
| § | | |
| Defendant. § | | |

## MEMORANDUM AND ORDER

On January 26, 2009, Magistrate Judge Calvin Botley issued a Memorandum and Recommendation on the Motion and Supplemental Motion for Authorization of Attorney's Fees, brought pursuant to the Social Security Act, 42 U.S.C. § 406(b), filed by Victor N. Makris ("Makris"), attorney for Plaintiff David L. Carter ("Carter"). [Docs. # 22, # 28].

This Court has reviewed the Memorandum and Recommendation [Doc. # 31], Plaintiff's objections [Doc. # 32], Plaintiff's Motion and Supplemental Motion for Authorization of Attorney's Fees [Docs. # 22, # 28], and the Commissioner's responses [Docs. # 26, # 29]. The Commissioner opposes granting the full amount requested by Plaintiff for the following reasons: (1) Makris' itemization contains administrative tasks that did not require the expertise of an attorney; (2) the billing of

quarter-hour increments did not accurately reflect the time spent on certain tasks; and/or (3) some entries reflect an excessive amount of time spent for routine matters. [Doc. # 29]. The Magistrate Judge agreed with the Commissioner's contentions and determined that 16.00 hours of Makris' request for attorney's fees was unreasonable, warranting a reduction of $4,000.00. Plaintiff objects to this reduction, asserting that the Magistrate Judge has conducted an "effective hourly rates" analysis. Plaintiff also argues that it inequitable to discount the entire 16.00 hours, and that it would be more reasonable to reduce the time by the questionable amount. [Doc. # 32].

It is Plaintiff's burden to demonstrate that the fee sought is reasonable for the services rendered. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The award of fees is within the Court's discretion. The Court is to make a review with reference to the substance of the work performed and the time spent by the attorney. "[T]he court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

The Magistrate Judge here properly requested and reviewed this billing information, as well as the entire court record in this case. The Court now also has

done so.  Both the Magistrate Judge and this Court have considered the contingency contract between Carter and Makris.

As noted in *Gisbrecht*, "[i]f the benefits [and thus the contingency fee] are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order."  535 U.S. at 808.  A review of the entire record of the proceedings in the district court as well as all Plaintiff's counsel's submissions in support of his fee request convinced the Magistrate Judge that a 22.3 % reduction in fees was warranted.  Makris' requested effective rate per hour in this case (for the total of 65.25 hours claimed to have been spent) is $287.80.  The Magistrate Judge recommended cutting counsel's compensation by $250 per hour for 16 of the claimed hours.  The net effective hourly rate is $300 for the remaining 49.25 hours.

This Court agrees with the Magistrate Judge that *at least* 16 hours of Makris' time was spent on administrative matters or was excessive for the tasks listed, taking into consideration Makris' extensive experience in social security benefits litigation and his substantial number of years in this practice.  Moreover, the Court is not persuaded by Makris' argument that he has commanded a rate of $400 per hour in other cases.  Such a rate is not reasonable in this case, particularly in light of some of the tasks he personally undertook.[1]

---

[1] Contrary to Makris' argument in his Objections [Doc. # 32], the Magistrate Judge did not merely eliminate all the questioned administrative or excessive time.  For those 16 hours, the Magistrate Judge discounted the requested fees by $250 per hour.  That left compensation

In sum, the Court concludes that, despite the contingency fee contract, the total fee request is not reasonable in light of the actual work performed by counsel to obtain benefits for Carter. Rather, the Court adopts the Magistrate Judge's finding that the award of attorney's fees of $14,779.50 (78.7% of the total $18,779.50 requested) is reasonable under all the circumstances of this case. It is therefore

**ORDERED** that Plaintiff's Objections [Doc. # 32] to the Memorandum and Recommendation are **DENIED**. It is further

**ORDERED** that the Memorandum and Recommendation [Doc. # 31] is **ADOPTED** as this Court's Memorandum and Order, as supplemented. It is further

**ORDERED** that Plaintiff's Motion and Supplemental Motion for Authorization of Attorney's Fees [Doc. #'s 22 , 28], brought pursuant to the Social Security Act, 42 U.S.C. § 406(b), are **GRANTED IN PART** and **DENIED IN PART**. It is finally

**ORDERED** that within sixty (60) days of the entry of this Memorandum and Order, the Commissioner is to pay Makris $14,779.50, as a reasonable and necessary fee for the services he performed in federal court on behalf of Plaintiff in this matter.

The Clerk of the Court shall file this Memorandum and Order and provide the parties with a true copy.

---

of $37.80 per hour for the questioned time billed. It may be preferable to cut the excessive time spent on a given task, and separately to reduce the rate for time spent on administrative tasks. In any event, the net figure by which the fees were reduced by the Magistrate Judge in this case is reasonable.

**SIGNED** at Houston, Texas on this the 5th day of March, 2009.

_____
Nancy F. Atlas
United States District Judge